UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MILLIE HOWARD,

    Plaintiff,

vs.

UNITED STATES RAILROAD
RETIREMENT BOARD,

    Defendant.

Case No. 1:13-cv-651

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is before the Court on Defendant's motion for summary judgment (Doc. 13) and the parties' responsive memoranda. (Docs. 14, 19). Also before the court are several pending motions filed by Plaintiff, who is preceding *pro se.* (Docs. 18, 22, 23, 26, 27, 30, 33). The motions have been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, I now recommend that Defendant's motion for summary judgment be granted and this case be closed.

    **I.    Background and Facts**:

Plaintiff is the widow of John G. Howard ("Mr. Howard"), who was employed during a portion of his life in the railroad industry. Plaintiff believes that she is eligible to receive a widow's annuity from the United States Railroad Retirement Board ("USRRB"). Plaintiff has repeatedly insisted that Mr. Howard received a "supplemental annuity" (a small additional annuity) from USRRB, as only annuitants with a "current connection" are entitled to receive a supplemental annuity.

1

Throughout 2012 and 2013, Plaintiff submitted numerous records requests to the Railroad Retirement Board, purportedly pursuant to the Freedom of Information Act. ("FOIA"), relating to her eligibility for a widow's annuity. (Doc. 1). USRRB responded to Plaintiff's numerous letters by repeatedly explaining its position and by providing Plaintiff the relevant documents that demonstrate that Mr. Howard did not receive—and was not entitled to receive—a supplemental annuity.

Thereafter, Plaintiff filed the instant action, *pro se*, pursuant to the Freedom of Information Act ("FOIA"). Plaintiff now seeks an Order from the Court requiring the USRRB to furnish her with records relating to her husband's supplemental annuity and the reason for the denial of her claim for widow's benefits.[1]

## II.     Defendant's Motion for Summary Judgment is Well-Taken (Doc. 13)

USRRB asserts that Plaintiff's FOIA claim fails as a matter of law, and as such, USRRB is entitled to summary judgment. Specifically, USRRB asserts that Plaintiff never requested documents from USRRB, instead requesting answers to legal questions and other written explanations. USRRB further asserts that did not withhold any documents from Plaintiff. Plaintiff continues to argue that USRRB has failed to respond satisfactorily to her requests and has wrongly denied her claim for a widow's annuity. For the reasons that follow, the undersigned finds that USRRB's motion for summary judgment is well-taken and should be granted.

### A.     *Summary Judgment Standard of Review*

In a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the

---

[1] For reasons unknown to this Court, Plaintiff did not file a claim for benefits. Instead, Plaintiff limited her claim to a violation of the Freedom of Information Act.

2

nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

The requirement that facts be construed in the light most favorable to the Plaintiff, however, does not mean that the court must find a factual dispute where record evidence contradicts Plaintiff's wholly unsupported allegations. After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992) (citing *Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir.1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). The non-moving party's evidence "is to be believed, and all *justifiable* inferences are to be drawn in his favor." *Id.* at 255 (emphasis added). The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

To demonstrate a genuine issue of fact, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (citation omitted). It is the Plaintiff's burden to point out record evidence to support her claims. "[T]he Court has no duty when deciding a motion for summary judgment to scour the record for evidence that supports a plaintiff's claims." *Abdulsalaam v. Franklin County Bd. Of Com'rs*, 637 F. Supp.2d 561, 576 (S.D. Ohio 2009) (citing *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 379 (6th Cir. 2007)).

  B.  *Applicable Law*

The Freedom of Information Act requires an agency to produce agency records upon request to the public unless certain exceptions apply. *See e.g. Carson v. U.S. Office of Special Counsel*, 2009 WL 1616763, *4 (E.D. Tenn. June 9, 2009). FOIA, however, "deals with 'agency records' not 'information in the abstract.'" *Goldgar v. Office of Administration, Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994). For that reason, "FOIA does not require agencies to provide explanations or answers in response to questions disguised as FOIA requests or to create documents or opinions in response to an individual's request for information." *Cole v. United States*, 2002 WL 21495841, *6 (W.D. Mich. Oct. 21, 2002) *citing Hudgins v. Internal Revenue Service*, 620 F.Supp. 19, 21 (D.D.C. 1985); *see also Sands v. United States*, 1995 WL 552308 (S.D. Fla. June 19, 1995). "FOIA also does not require agencies to do parties' legal research." *Id. citing Yon v. Internal Revenue Service*, 671 F.Supp. 1344, 1347 (S.D. Fla.

1987). If a party "is not seeking an agency record—the only thing accessible under FOIA—then [s]he is abusing and misusing FOIA." *Goldgar*, 26 F.3d at 34.

Here, the record shows that Plaintiff repeatedly requested written explanations, legal advice, and other abstract information from the agency, seeking to determine whether her husband had received a supplemental retirement annuity and, if he did not, the reason why. (Doc. 13, Rico Decl., Exh.3, 5, 7, and 9). As noted above, on numerous occasions, USRRB explained that Mr. Howard did not receive a supplemental annuity because he did not meet the statutory and regulatory requirements to satisfy the "current connection" standard at the time of his retirement. Notably, "FOIA does not require agencies to provide explanations or answers in response to questions disguised as FOIA requests or to create documents or opinions in response to an individual's request for information." See *Cole,* 2002 WL 21495841 *6. See also Carson v. U.S. Office of Special Counsel,* 3:08-CV-317, 2009 WL 1616763 (E.D. Tenn. June 9, 2009) (Carson's request that this court order [the agency] to create records or to render opinions that he thinks the agency is required to create or render is not cognizable under the FOIA).

Moreover, USRRB provided Plaintiff with the information she requested. In this regard, on December 13, 2012, at Plaintiff's request, an attorney, John Kutzman, sent a letter to USRRB requesting that USRRB confirm whether it had ever paid Mr. Howard a supplemental annuity. (Doc. 13 at Exh.3). On January 14, 2013, USRRB responded by letter to Mr. Kutzman stating that "it does not appear that USRRB ever paid Mr. Howard a supplemental annuity." *Id*. at Exh.4. Attached to that correspondence was a screenshot from USRRB's Field Service Inquiry System database identifying, among

5

other things, the details of Mr. Howard's annuity. *Id.* Under the column marked "SUP" for supplemental annuity, no amount was shown as paid. *Id.*

In light of the foregoing, the undersigned finds that Plaintiff's request fall far outside the purview of FOIA, and therefore fail as a matter of law.

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Defendant's motion for summary judgment (Docs. 13) be **GRANTED,** all pending motions be **DENIED as MOOT** (Docs. 18, 22, 23, 26, 27, 30, 33) and this case be **TERMINATED** on the active docket of the Court.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MILLIE HOWARD,

    Plaintiff,

vs.

UNITED STATES RAILROAD
RETIREMENT BOARD,

    Defendant

Case No. 1:13-cv-651

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).