UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MILLIE HOWARD, | : | NO. 1:13-CV-00651 |
| Plaintiff, | : | |
| vs. | : | **OPINION AND ORDER** |
| UNITED STATES RAILROAD RETIREMENT BOARD, | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 36), Plaintiff's Objection (docs. 38, 40), and Defendant's Response (doc. 39). For the reasons indicated herein, the Court ADOPTS and AFFIRMS The Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (doc. 13) and DISMISSES this matter from the docket.

**I. Background**

Plaintiff Millie Howard brought this matter pursuant to the Freedom of Information Act, 5 U.S.C. § 552, seeking from Defendant United States Railroad Retirement Board ("USRRB") "information required to receive railroad widow's annuity" (doc. 1). Plaintiff's husband worked for thirty-five years in the railroad industry, and Plaintiff believes she is eligible to receive a widow's annuity (doc. 36). Plaintiff submitted numerous

records requests to Defendant during 2012 and 2013 relating to her eligibility for such an annuity (Id.). Defendant responded to Plaintiff's requests by providing documents showing that Plaintiff's husband did not receive a supplemental annuity because he did not maintain the requisite "current connection" with the railroad industry at the time of his retirement (Id.).[1] As a result, Defendant indicated Plaintiff is not entitled to a widow's annuity (Id.). Defendant has filed a motion for summary judgment (doc. 13) contending it is therefore entitled to judgment as a matter of law. The Magistrate Judge issued her Report and Recommendation that Defendant's motion be granted (doc. 36), and the parties have responded (docs. 39, 40) such that this matter is ripe for the Court's consideration.

**II. STANDARD**

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d

---

[1] Under 45 U.S.C. § 231a(d)(1) a survivor of a deceased employee is only eligible for annuities if the decedent had a "current connection" at the time of death. Such connection is defined at Section 231(o) so as to require railroad service in at least 12 out of the 30 months preceding the annuity, and the employee cannot have declined an offer of employment in the same class or craft, that is, the railroad industry or other enumerated positions. 20 C.F.R. 216.15

2

376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment. . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after

completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of his claims or defenses, "the designated portions of the record must be presented with enough

4

specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**III. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge found well-taken Defendant's position that the FOIA does not require an agency to create documents or opinions in response to requests (doc. 36, citing Cole

v. United States, 2002 WL 552308 (S.D. Fla. June 19, 1995). Here, the Magistrate Judge noted the record shows Plaintiff has repeatedly requested written explanations and legal advice (Id.). The Magistrate Judge further noted Defendant provided proof to Plaintiff from its database showing Plaintiff's husband never received a supplemental annuity, such that it complied with the FOIA (Id.). Under such circumstances, the Magistrate Judge concluded Plaintiff received the information she requested and to the extent that she seeks more, she is requesting information outside the purview of the FOIA (Id.). Accordingly, the Magistrate Judge recommended the Court grant Defendant's motion for summary judgment (Id.).

**IV. The Parties' Briefing**

Plaintiff provides legislative history of the Railroad Retirement Act and indicates she thinks her husband should have qualified based on his thirty-five years of service (doc. 38). Plaintiff contends her husband "had a current connection" (Id.).

Defendant responded that Plaintiff's objections are procedurally defective under Fed. R. Civ. P. 72 as overly general (doc. 39). Defendant indicates Plaintiff is simply wrong that her husband maintained a "current connection." In support of such position Defendant proffers Plaintiff's husband's retirement application filed in 1994, in which he specifically confirmed he had broken such connection by working outside the railroad industry and by declining an offer to work in the same class or craft after

6

he was involuntarily separated from his employer in 1976 (Id.). Defendant indicates Plaintiff's voluminous communication has involved attempting to obtain an admission that her husband had a "deemed current connection," but that he could not have qualified for having declined an offer to work in the same class or craft as his railroad job (Id.). As for her FOIA request, Defendant proffers Plaintiff's letter seeking answers for detailed legal questions as opposed to specific agency documents or records (Id.). Quoting Goldgar v. Office of Administration, Executive Office of the President, 26 F.3d 32, at 34 (5th Cir. 1994), Defendant contends if a party "is not seeking an agency record-the only thing accessible under FOIA-then he is abusing and misusing the FOIA" (Id.). Finally, Defendant argues basic jurisdiction over an FOIA lawsuit depends on a showing that an agency has improperly withheld agency records (Id. citing 5 U.S.C. § 552(a)(4)(B)). Here, Defendant argues, Plaintiff's FOIA claim fails because it produced the relevant records showing her husband's ineligibility for a supplemental annuity under the RRA (Id.).

**V. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's conclusion well-taken that Plaintiff's FOIA claim fails as a matter of law. Defendant has provided record evidence from its database showing to Plaintiff that her husband did not qualify, as well as his retirement application, in which he stated he knew he did not qualify. Defendant has not withheld

records or documents, and thus there is no basis for an FOIA claim, or this Court's jurisdiction to devise any remedy for such a claim. Walker v. United States Dep't of Energy, 2008 WL 880524, *2 (E.D. Mich. Mar. 31, 2008).

Unfortunately Plaintiff's Complaint appears to be that Defendant did not provide the answer she was looking for. Notwithstanding his long service to the railroad industry, the record shows Plaintiff's husband did not maintain a "current connection." Plaintiff's conclusory assertion to the contrary in no way changes this fact. Her husband worked outside the railroad industry before retirement and declined an offer to work in the same class or craft after he was involuntarily separated from his last railroad employer in 1975. These facts are established in the record such that Defendant's position is justified as a matter of law.

Proper Notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Accordingly, the Court hereby ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 36), GRANTS Defendant's Motion for Summary

Judgment (doc. 13) and DISMISSES this matter from the docket.  As such the remaining motions on the docket are denied as MOOT (docs. 18, 22, 23, 26, 27, 30, 33).  This case is closed.

       SO ORDERED.

DATED: June 19, 2014      <u>s/S. Arthur Spiegel</u>
                                    S. Arthur Spiegel
                                    United States Senior District Judge