```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

MILLIE HOWARD,                :         NO. 1:13-CV-00651
                              :
    Plaintiff,                :
                              :
    vs.                       :         **OPINION AND ORDER**
                              :
UNITED STATES RAILROAD        :
RETIREMENT BOARD,             :
                              :
    Defendant.                :


This matter is before the Court on Plaintiff's "Motion to Vacate Opinion and Order for Judgment and Dismissal For Fraud" (doc. 44) regarding this Court's Order (doc. 41) adopting and affirming Magistrate Judge Bowman's Report & Recommendation (doc. 36). The Magistrate Judge had recommended that this Court grant Defendant's Motion for Summary Judgment (doc. 13). Also before the Court are Defendant's Response in Opposition to Plaintiff's motion (doc. 45) and Plaintiff's reply (doc. 47). For the reasons herein, this Court DENIES Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff Millie Howard brought an action pursuant to the Freedom of Information Act, 5 U.S.C. § 552, in which she sought "information required to receive railroad widow's annuity" from Defendant United States Railroad Retirement Board ("USRRB") (doc. 1). Plaintiff's husband worked for thirty-five years in the

railroad industry, and Plaintiff believes she is eligible to receive a widow's annuity (doc. 36). Plaintiff submitted numerous records requests to Defendant during 2012 and 2013 relating to her eligibility for such an annuity (Id.). Defendant responded to Plaintiff's requests by providing documents showing that Plaintiff's husband did not receive a supplemental annuity because he did not maintain the requisite "current connection" with the railroad industry at the time of his retirement (Id.).[1] As a result, Defendant indicated Plaintiff is not entitled to a widow's annuity (Id.).

Defendant filed a motion for summary judgment (doc. 13). The Magistrate Judge issued her Report and Recommendation that Defendant's motion be granted (doc. 36), which this Court adopted and affirmed (doc. 41) over Plaintiff's objections (docs. 38, 40), dismissing the matter in its entirety. Plaintiff subsequently brought a "Motion to Vacate Opinion and Order for Judgment and Dismissal For Fraud" (doc. 44). Defendant responded (doc. 45), correctly noting that Plaintiff's motion, while ambiguous in the type of relief it seeks, could be considered under either Fed. R.

---

[1] Under 45 U.S.C. § 231a(d)(1) a survivor of a deceased employee is only eligible for annuities if the decedent had a "current connection" at the time of death. Such connection is defined at Section 231(o) so as to require railroad service in at least 12 out of the 30 months preceding the annuity, and the employee cannot have declined an offer of employment in the same class or craft, that is, the railroad industry or other enumerated positions. 20 C.F.R. 216.15.

2

Civ. P. 59(e) or 60(b). Plaintiff replied (doc. 47), such that this matter is ripe for the Court's consideration.

**II. STANDARD**

While the Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration," a party may move to "alter or amend a judgment" pursuant to Rule 59(e) within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); Scooter Store, Inc. v. SpinLife.com, LLC, No. 2:10-CV-18, 2012 WL 4498904 at *3 (S.D. Ohio Sept. 28, 2012) (citing Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004)). Additionally, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." Brumfield v. Metz, No. 1:12-CV-436, 2013 WL 2418029 at *1 (S.D. Ohio June 3, 2013) report and recommendation adopted, 2013 WL 3982648 (S.D. Ohio Aug. 1, 2013) (citing Meekison v. Ohio Dept. of Rehab. and Corr., 181 F.R.D. 571, 572 (S.D. Ohio 1998).

Motions for reconsideration may not be used to re-litigate old arguments or to raise arguments or present evidence that could have been raised earlier. Minges v. Butler Cnty. Agr. Soc., No. 1:13-CV-03, 2013 WL 6009420 at *2 (S.D. Ohio Nov. 13, 2013) (citing J.P. v. Taft, No. C2-04-692, 2006 WL 689091 at *13 (S.D. Ohio Mar. 15, 2006)). If a Plaintiff is dissatisfied with the Court's ruling, his or her recourse lies in the appellate process instead of a motion for reconsideration. Campbell v. Nally, No. 2:10-CV-1129, 2014 WL 1048065 at *2 (S.D. Ohio Mar. 14, 2014).

4

**III. DISCUSSION**

In her motion (doc. 44) and supplemental reply (doc. 47), Plaintiff attempts to re-litigate the issues presented in her earlier pleadings. She re-asserts her belief that her deceased husband was entitled to a supplemental annuity from the United States Railroad Retirement Board ("USRRB"), and that accordingly she is now entitled to it. She also reproduces excerpts of statutory law which she says were ignored in the Court's previous ruling, and accuses the Defendant USRRB of engaging in fraud.

Plaintiff is mistaken in her assertion that "[t]oday we are adjudicating whether or not John G. Howard should have received a supplemental annuity of $43 based on statutory law and whether or not the USRRB denied him that benefit, and whether the USRRB practiced 'due diligence' in responding to the original request" (doc. 47 at 10). Plaintiff brought her action pursuant to the Freedom of Information Act (Compl., doc. 1). The Magistrate Judge found (doc. 36), and this Court agreed (doc. 41), that Plaintiff "repeatedly requested written explanations, legal advice, and other abstract information from the agency" (doc. 36 at 5). However, "FOIA does not require agencies to provide explanations or answers in response to questions disguised as FOIA requests or to create documents or opinions in response to an individual's request for information." Cole v. United States, 2002 WL 21495841 at *6 (W.D. Mich. Oct. 21, 2002) (citing Hudgins v. Internal Revenue Service,

620 F. Supp. 19, 21 (D.D.C. 1985)). Therefore, Defendants did not violate the Freedom of Information Act because they never received a proper request for information under it.

Regardless, the USRRB actually provided Plaintiff with the information she sought. As part of the lengthy correspondence between Plaintiff and Defendant USRRB, on January 14, 2013, the USRRB forwarded a letter to Plaintiff stating that "it does not appear that USRRB ever paid Mr. Howard a supplemental annuity." (Doc. 13, Exh. 3). Included with the letter was a screenshot from their Field Service Inquiry System confirming that a supplemental annuity had never been paid (id.).

Plaintiff is additionally mistaken in her repeated assertions that the relevant statutes do not provide the definition of a "broken connection" (i.e., the lack of a "current conection") for the purposes of determining eligibility for a supplemental annuity. 20 C.F.R. 216.15(b)(3) clearly states that to be eligible for a supplemental annuity, the employee must not have "decline[d] an offer of employment in the same 'class or craft' as his or her most recent railroad service." In his application for annuity, Mr. Howard admitted that he declined an offer of employment in the same "class or craft," and he further explicitly recognized that this would bar him from receiving a supplemental annuity (doc. 13, Exh. 1 at ¶ 78, 107).

Plaintiff's motion and supplemental reply do not implicate any

6

of the reasons for which a motion for reconsideration would be granted, such as mistake or the presentation of new evidence. Her bald assertions of "fraud" on the part of Defendants for not paying the supplemental annuity do not entitle her to relief in this manner. Furthermore, she has not demonstrated a manifest error of law, newly discovered evidence, or intervening authority that would alter this Court's previous ruling.

**IV. CONCLUSION**

Having reviewed the matter, the Court does not find Plaintiff's motion well taken. Accordingly, the Court DENIES Plaintiff's "Motion to Vacate Opinion and Order for Judgment and Dismissal For Fraud" (doc. 44).

SO ORDERED.


DATED: August 5, 2014        s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge